IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE: )
)
JEFFREY WILLIAM THOMAS ) CASE NO. 21-03284-RM3-7
ILANA DALE THOMAS )
)
Debtors )

## NOTICE OF NON-COMPLIANCE WITH LOCAL RULE 3001-1

The trustee, Robert H. Waldschmidt, hereby gives notice that the following creditor has not complied with Local Rule 3001-1 by failing to submit to the trustee proof of perfection of its security interest.

**NAME AND ADDRESS OF CREDITOR** | **ACCT #/DESCRIPTION OF COLLATERAL**

COMMUNITY LOAN SERVICING | XXX9764; 1403 N 12TH ST, PEKIN IL
4425 PONCE DE LEON BLVD
CORAL GABLES FL  33146

Any creditor who fails to comply with this local rule and cure that noncompliance within twenty-one (21) days of this notice may be assessed with any costs (including advanced court costs and reasonable attorney's fees incurred in any contested matter (including §362 motions) or adversary proceeding, as provided by Local Rule 3001-1. In addition, the creditor could be precluded from presenting as evidence any proof of perfection that has not been timely presented to the Trustee.

*The creditor listed above should submit proof of its perfected security interest in the above stated collateral to the trustee (either by mail or email at the addresses below)* within twenty (21) days of the date of this notice. The following should be attached to each claim for: **1) real property**- (a) a copy of the note, (b) if the note is endorsed in blank, proof that the claimant is in possession of the original note, (c) a copy of the recorded deed of trust or mortgage, (d) copies of all assignments establishing the claimant as the holder of the note and deed of trust; **2) motor vehicle, mobile home, trailer, etc.** - a copy of the certificate of title, or, if the title was obtained within 4 months prior to the filing of the petition, a copy of the application for certificate of title; **3) personal property** - a copy of any applicable recorded UCC filings, or proof that the appropriate method of perfection has been completed.

Dated:  12/20/21

/s/*Robert H. Waldschmidt, Trustee*
P.O. Box 2828
Brentwood, TN  37024-2828
615-468-1020 voice; 615-259-2179 fax
Email: rhw@rhwlawoffice.com or lori@rhwlawoffice.com

*LOCAL RULE 3001-1 (M.D. TENN.)*

a. In a Chapter 7 case, when a claim, or an interest in property securing the claim, is based on a writing, the creditor or the creditor's authorized agent shall provide a copy of the writing to the trustee prior to the meeting of creditors-including, with respect to motor vehicles, the date on which application was made for notation of a lien, If perfection of a security interest is claimed, the creditor shall provide proof of perfection and date of perfection to the trustee prior to the meeting of creditors. Any creditor asserting a security interest in property of the estate or property of the debtor shall submit to the trustee a statement of the approximate amount of debt secured by each lien.

b. If a creditor fails to provide any information required in subsection (a) and the creditor fails to cure noncompliance within 21 days after written notice of noncompliance from the trustee:
(1) the court may, after notice and hearing, take either or both of the following actions; (a) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or (b) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure; and
(2) there shall be a presumption that a bona fide dispute exists for purposes of sale pursuant to 11 U.S.C. § 363(f)(4)